**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOSHUA WEAVER,**

        **Plaintiff,**

**-vs-**                                         **Case No. 6:08-cv-510-Orl-28KRS**

**ALLSTAR BUILDING MATERIALS, INC.,**

        **Defendant.**
_____

# ORDER

Plaintiff Joshua Weaver ("Weaver") brings the instant action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), seeking to recover wages that he claims he is owed by his former employer, Defendant Allstar Building Materials, Inc. ("Allstar").[1] The case is now before the Court on Allstar's Motion for Summary Judgment (Doc. 28). Weaver did not file a response to the motion within the time allowed for doing so.[2] Having considered Allstar's motion and pertinent law, the Court concludes that Allstar's motion must be granted.

## I. Background

---

[1] Three cases have been filed in this court against Allstar under the FLSA. The other two cases— *Balzarano v. Allstar Building Materials, Inc.* (Case No. 6:08-cv-281-Orl-35GJK) and *Knight v. Allstar Building Materials, Inc.* (Case No. 6:08-cv-457-Orl-22DAB)—were assigned to other judges within this division and have already been resolved.

[2] Weaver's requests for an extension of time to respond—filed after the response time had already passed—were denied. (See Docs. 31, 32, 36, 37, & 41).

Weaver worked as a laborer for Allstar, a building materials sales company, from October 4, 2006 through November 26, 2007. (Joint Pretrial Statement, Doc. 43, at 1). Plaintiff alleges in his Complaint that he "worked numerous weeks in excess of forty (40) hou[rs] a week" but he was not paid time and a half for all hours above forty as required by the FLSA. (Doc. 1 ¶ 10).

Weaver was employed by Allstar in Ormond Beach, Florida,[3] but Allstar's workers worked at construction sites in other Florida cities as well; Weaver worked on projects in, among other places, Jacksonville, Palm Coast, and Kissimmee. (Weaver Dep., Ex. A to Doc. 28, at 33-34). It is undisputed that Allstar did pay Weaver some overtime compensation. Weaver testified at his deposition that the unpaid hours upon which his claim is based are "[t]he hours in the mornings and the afternoons, driving time, loading the vehicle with materials and tools and so forth."[4] (Id. at 28-29). According to Weaver, he was supposed to be at work at 5:30 in the morning but he and other workers were not "paid for time that we loaded the truck and materials and also driving time." (Weaver Dep. at 30). Instead, he was paid only for time at the jobsite and not for time traveling to and from the jobsite.

---

[3]According to the Complaint, Allstar "is a Florida corporation operating a building materials sales company in both Ormond Beach and Green Cove Springs, Florida." (Doc. 1 ¶ 5). It is undisputed that Weaver was employed by Allstar in Ormond Beach. (Id. ¶ 4; Answer, Doc. 17, ¶ 4).

[4]To the extent that Weaver is attempting to base his claim on anything other than the time for transportation to and from job sites, there is no evidence to support any such claim. Weaver was unable at his deposition to articulate any problem with his pay records, and he did not submit any evidence in opposition to the summary judgment motion.

## II.  Discussion

### A.  Summary Judgment Standards

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c). The moving party bears the burden of establishing that no genuine issues of material fact remain.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

In ruling on a motion for summary judgment, the Court construes the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party.  Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).  However, summary judgment should be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex, 477 U.S. at 322.  When faced with a "properly supported motion for summary judgment, [the nonmoving party] must come forward with specific factual evidence, presenting more than mere allegations."  Gargiulo v. G.M. Sales, Inc., 131 F.3d 995, 999 (11th Cir. 1997).  A "district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed but, rather, must consider the merits of the motion."  United States v. One Piece of Prop., 5800 S.W. 4th Ave., Miami, Fla., 363 F.3d 1099, 1102 (11th Cir. 2004).

### B.  The Merits of Allstar's Motion

As earlier noted, Weaver has not filed a response to Allstar's motion for summary judgment.  The Court has, however, as required by Eleventh Circuit case law, considered

the motion on its merits.

Weaver claims entitlement to wages for the time he spent traveling to and from Allstar's jobsites in an Allstar truck. However, the law does not support any such entitlement. Under the Portal-to-Portal Act, 29 U.S.C. §§ 251-262, an employer is not subject to liability under the FLSA "on account of the failure of such employer to pay an employee minimum wages, or to pay an employee overtime compensation, for or on account of . . .:

> (1) walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and
> (2) activities which are preliminary to or postliminary to said principal activity or activities,
> which occur either prior to the time on any particular workday at which such employee commences, or subsequent to the time on any particular workday at which he ceases, such principal activity or activities. For purposes of this subsection, the use of an employer's vehicle for travel by an employee and activities performed by an employee which are incidental to the use of such vehicle for commuting shall not be considered part of the employee's principal activities if the use of such vehicle for travel is within the normal commuting area for the employer's business or establishment and the use of the employer's vehicle is subject to an agreement on the part of the employer and the employee or representative of such employee.

29 U.S.C. § 254(a). An interpretative statement issued by the Department of Labor regarding this provision gives, as examples of noncompensable travel time, "riding on buses between a town and an outlying mine or factory where the employee is employed" and "riding on buses or trains from a logging camp to a particular site at which the logging operations are actually being conducted." 29 C.F.R. § 790.7(f).[5]

---

[5] As the Eleventh Circuit has noted, the Department of Labor's interpretive statements and examples of non-compensable travel under the Portal-to-Portal Act "are not promulgated regulations because Congress did not authorize the Secretary of Labor to issue regulations regarding the scope of the exemptions," but they "are persuasive and should be given due

Under the terms of the statute, Weaver is not entitled to compensation for time spent traveling to jobsites in Allstar's trucks. Allstar's owner, Thomas Crowe, explains in his affidavit that "[e]mployees at [Allstar] had a choice to either drive their own vehicle to a job site outside the county or ride in an [Allstar] pickup or box truck to save their personal money," and "[a]ll employees riding in an [Allstar] box truck or pickup truck to and from a job site at [Allstar] voluntarily agreed to do so." (Crowe Aff., Ex. E to Doc. 28, ¶¶ 7-8). This policy is reiterated in other affidavits submitted by Allstar. (Mark Heino Aff., Ex. F to Doc. 28, ¶¶ 5 & 10 ("The Policy at [Allstar] regarding riding in an [Allstar] truck to a job site is that it is voluntary. An employee could choose to drive [his] personal vehicle[] to any of [Allstar's] construction sites. . . . The workers who decided to work on the Jacksonville and Kissimmee construction sites[] were told they could ride in an [Allstar] vehicle instead of their own but that they would not be paid for riding."); accord Tom Verble Aff., Ex. G to Doc. 28, ¶¶ 5, 10, & 11). Moreover, Jacksonville and Kissimmee were considered to be within Allstar's commuting area. (Heino Aff. ¶ 6; Verble Aff. ¶ 6).

The travel time for which Weaver seeks compensation is plainly within the Portal-to-Portal Act exception and is thus noncompensable. And, although Weaver testified that when he rode in the Allstar trucks he also loaded tools (Weaver Dep. at 28-29, 37-38), such loading was, like the riding itself, voluntary on his part—he could have driven to the worksite on his own and the tools would have been there when he arrived—and was not an "integral and indispensable" part of his job but was merely "preliminary to" Weaver's principal

---

deference." Bonilla v. Baker Concrete Constr., Inc., 487 F.3d 1340, 1342-43 (11th Cir. 2007).

activities and, under 29 U.S.C. § 254(a)(2), was noncompensable.  See Bonilla v. Baker Concrete Constr., Inc., 487 F.3d 1340, 1344 (11th Cir. 2007).  Moreover, even if such loading could be considered compensable, there is no evidence that it was anything more than de minimis activity, and "an employer is not required to pay employees for otherwise compensable activities if the time spent performing those activities is *de minimis.*"  Burton v. Hillsborough County, Fla., 181 F. App'x 829, 833 (11th Cir. 2006).  Thus, Allstar was not required to compensate Weaver for the time he spent traveling to and from the worksites or for incidental loading of tools when he rode in Allstar's trucks.  Weaver's claim fails as a matter of law.

### III.  Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** that Defendant's Motion for Final Summary Judgment (Doc. 28) is **GRANTED**.  The Clerk is directed to enter a judgment providing that Plaintiff shall take nothing from Defendant on his claims in this case.  Thereafter, the Clerk shall close this file.

**DONE** and **ORDERED** in Orlando, Florida this 20th day of November, 2009.

*[signature]*
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record